UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NUMBER: 08-179 |
| KWAME MICHOU NANTAMBU | SECTION: "C" (4) |

**ORDER & REASONS**

Before the Court is a Motion to Review Order of Detention, filed by the defendant, Kwame Virdean Nantambu ("Nantambu") (Rec. Doc. 16). The Government opposes the motion. Having considered the record, the memoranda and argument of counsel and the law, the Court DENIES the Motion to Review Order of Detention.

**I. BACKGROUND**

On May 30, 2008, a complaint was filed against Nantambu alleging that he used false identification to gain access to a restricted area of an aircraft in violation of 18 U.S.C. § 1036. Rec. Doc. 1. Nantambu was arrested on June 9, 2008, and an indictment was returned on July 3, 2008 charging him with attempted entry by false pretenses to a secure area of an airport and using a fraudulent driver's license in violation of 18 U.S.C. § 1036 and § 1028(a)(7), (b)(2)(B). On July 9, 2008, a detention hearing was held before a magistrate judge. Rec. Doc. 11. Following the hearing, the magistrate determined that "[t]he defendant poses a serious risk of flight. The defendant has used other identities. The defendant has been convicted of one felony

1

and two misdemeanors.  He has engaged in foreign travel." Rec. Doc. 12.  Based on these findings, the magistrate remanded Nantambu to the custody of the U.S. Marshal.  *Id.*

In the motion *sub judice*, Nantambu challenges the magistrate's order detaining him. Essentially, Nantambu's motion contradicts the evidence presented by the Government during the detention hearing that Nantambu provided a false address.  Nantambu argues that the address he provided, 3714 Rockford Heights in Metairie, Louisiana was his former address and that his mother-in-law is willing to act a surety.  In opposition, the Government notes that Nantambu provided numerous false addresses.  Additionally, the Government asserts that whether or not 3714 Rockford Heights in Metairie, Louisiana is a real address is not material to the detention hearing because Nantambu's actual address remains unknown.

## II.  LAW & ANALYSIS

As an initial matter, the Court notes that 18 U.S.C. § 3145 contains the procedure for reviewing a magistrate's detention order.[1]  In the Fifth Circuit, district courts apply a *de novo* standard of review to the magistrate's decision.  *U.S. v. Kyle*, 49 F.Supp.2d 526, 527 (W.D.Tex. 1999); *U.S. v. Rueben*, 974 F.2d 580, 585-86 (5th Cir. 1992) (stating, "[w]hen the district court acts on a motion to revoke or amend a magistrate's pretrial detention order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions for release.").

---

[1] The text of section 3145 states:

Review of a detention order.--If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

The Bail Reform Act of 1984 established a detailed set of procedures to establish pre-trial detention.  *U.S. v. Byrd*, 969 F.2d 106, 108-09 (5th Cir. 1992).  The statute is biased in favor of release on personal recognizance, "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community."  *Id.* at 109 (quoting 18 U.S.C. § 3142(b)).  Specifically, the statute requires a hearing, pursuant to 18 U.S.C. § 3142(f), prior to detention.  The relevant provisions of Section 3142(f) state:

> (f) Detention hearing.- - The judicial officers shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of the person as required and the safety of any other person and the community-
>
> (1) upon motion of the attorney for the Government, in a case that involves-
>
> (A) a crime of violence, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
>
> (B) an offense for which the maximum sentence is life imprisonment or death;
>
> (C) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46;
>
> (D) any felony if such person has been convicted of two or more offenses described in subparagraphs (A) through (C) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (A) through (C) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; or
>
> (E) any felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a firearm or destructive device (as those terms are defined in section 921), or any other dangerous weapon, or involves a failure to register under section 2250 of title 18, United States Code; or
>
> (2) Upon motion of the attorney for the Government or upon the judicial officer's own motion, in a case that involves-

>    (A) a serious risk that the person will flee; or
>
>    (B) a serious risk that the person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, inure, or intimidate, a prospective witness or juror.

18 U.S.C.A. § 3142(f).  "Detention can be ordered, therefore, only 'in a case that involves' one of the six circumstances listed in (f), and in which the judicial officer finds, after a hearing, that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  *Byrd*, 969 F.2d at 109.

In this case, the Magistrate Judge made written findings of fact; specifically, the magistrate concluded that "there is a significant risk the defendant will flee."  Rec. Doc. 12. Additionally, after a thorough review of the transcript, the Court notes that the Magistrate considered and rejected the Defendant's release on a bond with conditions or a combination of conditions.  Rec. Doc. 15, Transcript of Detention Hearing, pp. 75-80.  Thus, the Magistrate ruled that no condition or combination of conditions could reasonably assure the appearance of Nantambu at trial.  *Id.*

This Court finds that the record demonstrates a detention decision based on one of the § 3142(f) circumstances after contemplation of the conditions listed in section 3142(g). Nantambu's submission of additional evidence regarding his former address and the willingness of his mother-in-law to act as a surety does not significantly undermine the Magistrate's finding that Nantambu poses a risk of flight.  Consequently, there is insufficient evidence to overturn the Magistrate's decision.

### III. CONCLUSION

IT IS ORDERED that the Motion to Review Order of Detention is DENIED (Rec. Doc.

16).

New Orleans, Louisiana, this 29th day of August, 2008.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE